U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2020 OCT 30 PM 2: 34

CLERK
BY_EH_____
DEPUTY CLERK

| | |
|---|---|
| RUDY GALLO AND DEBORAH GALLO,<br>Plaintiffs<br><br>v.<br><br>ARIZONA BEVERAGES USA, LLC<br>AND MAPLEWOOD BEVERAGE<br>PACKERS, LLC,<br>Defendants | Docket No. 2:20-cv-174<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT

Plaintiffs Rudy Gallo and Deborah Gallo, by and through their attorneys of record, B. Keith Williams and James R. Stocks, Lannom & Williams, PLLC, and Jerome F. O'Neill and Hillary A. Borcherding, Gravel & Shea P.C., allege as follows:

Parties

1. Plaintiff Rudy Gallo is a citizen of the State of Vermont.

2. Plaintiff Deborah Gallo is a citizen of the State of Vermont, and is the wife of Plaintiff Rudy Gallo.

3. Defendant Arizona Beverages USA, LLC ("Arizona Beverages") is a limited liability company that is organized under the laws of the State of New York with its principal place of business outside the State of Vermont. Defendant Arizona Beverages is not a citizen of the State of Vermont.

4. Defendant Maplewood Beverage Packers, LLC ("Maplewood") is a limited liability company that is organized under the laws of the State of New Jersey with its principal

gravel &
shea | ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P O. Box 369
Burlington, Vermont 05402-0369

place of business outside the State of Vermont. Defendant Maplewood is not a citizen of the State of Vermont.

## Jurisdiction and Venue

5.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), there being a diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeding $75,000.00.

6.  The claims arise out of an Arizona Iced Tea beverage (the "Beverage") that was manufactured, bottled, and distributed by Defendants Maplewood and/or Arizona Beverages with a rodent inside and placed in the stream of interstate commerce directed at the State of Vermont and its citizens with the expectation that it would be purchased, used, and/or consumed by citizens of Vermont, including Plaintiffs. The Beverage was purchased, used, and consumed by Plaintiff Rudy Gallo in the State of Vermont.

## General Allegations

7.  At all times relevant herein, Defendants Arizona Beverages and/or Maplewood were engaged in the business of manufacturing, bottling, and distributing the Arizona Iced Tea brand of beverages, including Arizona Iced Tea Arnold Palmer No Calorie beverages.

8.  Defendants placed the Beverage in the stream of commerce for intended sale to and consumption by individuals like Plaintiffs Rudy Gallo and Deborah Gallo across the country, including for sale and consumption in the State of Vermont.

9.  On or about November 3, 2017, Plaintiff Rudy Gallo purchased a 23-ounce Arizona Iced Tea brand Arnold Palmer of the Beverage in a sealed aluminum can at a grocery store in Barre, Vermont.



A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

10. Defendants Arizona Beverages and/or Maplewood manufactured, bottled, and distributed the Beverage.

11. Defendants Arizona Beverages and/or Maplewood's exercised exclusive control and management over the Beverage at all times during its manufacture and bottling, through and including the time that they sealed the Beverage.

12. The Beverage and its contents were not tampered with after it was manufactured, bottled, and sealed by Defendants Arizona Beverages and/or Maplewood.

13. After purchasing the Beverage, Plaintiff Rudy Gallo was driving in Franklin County, Vermont on November 3, 2017, when he opened the sealed Beverage and took a long drink. While Plaintiff Rudy Gallo was drinking the Beverage, a rodent's tail came out and into Plaintiff Rudy Gallo's mouth. After feeling the rodent's tail in his mouth and seeing what it was, Plaintiff Rudy Gallo became sick and began vomiting. Plaintiff continued vomiting and was taken to the hospital for treatment. Plaintiff has continued to suffer physical, mental and emotional trauma as a result of drinking the Beverage with a rodent sealed inside.

14. A rodent inside a sealed Beverage would not occur except for the want of reasonable care on the part of Defendants Arizona Beverages and/or Maplewood.

15. Plaintiff Rudy Gallo faced physical peril from the Defendants' negligent acts and/or omissions and was physically impacted by the rodent's tail. Plaintiff was within the zone of danger resulting from Defendants' negligent acts and/or omissions directed at Plaintiff, including as the purchaser and user/consumer of the Beverage. Plaintiff Rudy Gallo was subjected to a reasonable fear of immediate personal injury and did in fact suffer substantial bodily, mental, and emotional injury, illness, and trauma as a result.



16.     All acts of negligence complained of herein were committed by employees, agents and/or servants of Defendants all acting within the course and scope of their employment, agency, servancy and/or authority. The employees, agents and/or servants include but are not limited to manufacturing and/or bottling facility personnel, maintenance personnel, inspection personnel, pest control personnel, quality control personnel, and other personnel who provided bottling, maintenance, inspection, quality control, pest control, or other support in the manufacture and bottling of Arizona Iced Tea beverages, including the Beverage (hereinafter "Defendants' Employees").

17.     The negligence of Defendants' Employees is imputed to Maplewood and/or Arizona Beverages through the principles of vicarious liability and *respondeat superior*. Maplewood and/or Arizona Beverages are therefore vicariously liable for the actions of Defendants' Employees under the doctrine of *respondeat superior* for any negligent acts and/or omissions committed by them that caused in whole or in part the injuries and damages to Plaintiffs Rudy Gallo and Deborah Gallo.

## COUNT 1
## Negligence

18.     On or before November 3, 2017, and at all times material, Defendants Maplewood, and/or Arizona Beverages, by and through Defendants' Employees, owed Plaintiffs certain duties, including but not limited to the duty of care in the maintenance, control, ownership and operation of the manufacture and bottling of the Beverage, all facilities and equipment with respect thereto, and in the maintenance, inspection, quality control, pest control, and other support for the manufacture and bottling of the Beverage.



19. At all relevant times, manufacturers, bottlers, and distributors of the Beverage, Defendants Maplewood, and/or Arizona Beverages, by and through Defendants' Employees, had a duty to all persons who purchase and/or consume Arizona Iced Tea beverages, including Plaintiffs Rudy Gallo and Deborah Gallo, to exercise reasonable care, including without limitation to:

    a. exercise reasonable care in manufacturing and/or bottling beverages to ensure that only the beverages' ingredients were included in the beverages that they manufactured and bottled, and that no contaminating substances, including, without limitation, rodents, were allowed to be contained in the sealed beverages they manufactured, bottled, and/or distributed;

    b. exercise reasonable care in inspecting all of their manufacturing and/or bottling facilities and/or equipment to ensure they were free of potential contaminating substances or organisms, including without limitation rodents;

    c. exercise reasonable care in inspecting all beverages they manufactured and/or bottled to ensure they were free of contaminating substances and organisms, including without limitation rodents;

    d. exercise reasonable care in maintaining manufacturing and/or bottling facilities and/or equipment to prevent the existence within their beverages of potentially contaminating substances or organisms, including without limitation rodents;

    e. exercise reasonable care in controlling and preventing entry of pests, including without limitation rodents, into their beverage manufacturing



A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

and/or bottling facilities and/or equipment, and the sealed beverages they manufactured, bottled, and/or distributed;

f. exercise reasonable care in maintaining quality control in manufacturing and/or bottling of beverages they manufactured, bottled, and/or distributed, with respect to maintaining quality of beverages to be free of contamination, including without limitation rodents;

g. exercise reasonable care in bottling and/or manufacturing beverages that were free from contaminating substances or organisms, including without limitation rodents;

h. exercise reasonable care in safely, properly, and adequately carrying out their manufacturing and/or bottling operations in a manner that would not result in injury and damage to consumers of their beverages, including Plaintiffs Rudy Gallo and Deborah Gallo;

i. properly train and supervise manufacturing and/or bottling facility personnel, maintenance personnel, inspection personnel, pest control personnel, quality control personnel, and other personnel who provide support in the manufacture and/or bottling of the sealed beverages they manufactured, bottled, and/or distributed, and to ensure that they exercised the requisite degree of care in performing their duties to prevent a contaminating substance or organism, including without limitation a rodent, from being sealed in a beverage that could result in injury and damage to consumers of their beverages, including Plaintiffs Rudy Gallo and Deborah Gallo.


gravel & shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 6 -

20. The Beverage that Defendants Maplewood and/or Arizona Beverages manufactured and/or bottled with a rodent sealed inside and the resulting injuries and damages were proximately caused by the negligence and carelessness of Defendants, by and through Defendants' Employees, in that Defendants breached their duties as set out above and otherwise were negligent and careless with regard to the manufacturing and/or bottling of the Beverage in one or more of the following respects in that they:

    a.    negligently and carelessly failed to ensure only that the Beverage's ingredients were included in the Beverage and that no contaminating substances or organisms, including without limitation a rodent, were allowed to be contained in the sealed Beverage;

    b.    negligently and carelessly failed to properly inspect their manufacturing and/or bottling facilities and/or equipment to ensure they were free of potential contaminating substances or organisms, including without limitation rodents;

    c.    negligently and carelessly failed to properly inspect the Beverage to ensure it was free of contaminating substances and organisms, including without limitation a rodent;

    d.    negligently and carelessly failed to properly maintain their manufacturing and/or bottling facilities and/or equipment to prevent the existence of potentially contaminating substances or organisms, including without limitation rodents in their beverages;


gravel & shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 7 -

e. negligently and carelessly failed to control and prevent entry of pests, including without limitation rodents, into their beverage manufacturing and/or bottling facilities and/or equipment, and the sealed Beverage;

f. negligently and carelessly failed to maintain quality control in manufacturing and/or bottling of the Beverage, with respect to maintaining quality of the Beverages to be free of contamination, including without limitation a rodent;

g. negligently and carelessly failed to bottle and/or manufacture the Beverage free from contaminating substances or organisms, including without limitation a rodent;

h. negligently and carelessly failed to safely, properly, and adequately carry out their manufacturing and/or bottling operations in a manner that would not result in injury and damage to Plaintiffs Rudy Gallo and Deborah Gallo;

i. negligently and carelessly failed to properly train and supervise manufacturing and/or bottling facility personnel, maintenance personnel, inspection personnel, pest control personnel, quality control personnel, and other personnel who provide support in the manufacture and/or bottling of the sealed beverages they manufacture, bottle, and/or distribute, and to ensure that they exercised the requisite degree of care in performing their duties to prevent a contaminating substance or organism, including without limitation a rodent, from being sealed in the Beverage that could

result in injury and damage to consumers of their beverages, including Plaintiffs Rudy Gallo and Deborah Gallo;

j.  such other acts of negligence and recklessness as will appear during the course of discovery to be liability producing conduct on the part of Defendants.

20. As a direct, foreseeable, legal and proximate result of the numerous and continuous acts of negligence committed by Defendants Maplewood and/or Arizona Beverages by and through their agents, employees, servants and representatives and/or predecessors or successors in interest, the Plaintiff Rudy Gallo consumed the Beverage with a rodent inside and suffered severe injury, trauma, and damage.

21. Defendants' breach of their duties and the failure of Defendants to exercise the level of care appropriate and reasonable for the manufacturing and bottling of the Beverage there and then existing was a proximate and legal cause and substantial factor in the causing of Plaintiffs' injuries, damages and losses.

## COUNT 2
## Strict Liability

22. At all relevant times, including on and before November 3, 2017, Defendants Maplewood, and/or Arizona Beverages, by and through their agents, employees, servants and representatives and/or predecessors or successors in interest, manufactured, bottled, and/or distributed the Beverage with a rodent sealed inside.

23. The Beverage was manufactured, bottled, sealed and/or distributed by Defendants Maplewood and/or Arizona Beverages in a defective condition.



gravel & shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P O. Box 369
Burlington, Vermont 05402-0369

- 9 -

24. Manufactured, bottled and sealed beverages, including Arizona Iced Tea beverages such as the Beverage, with a rodent sealed inside are, and at all relevant times herein were, unreasonably dangerous, more dangerous than expected by the Plaintiffs, and more dangerous than would be expected by any ordinary consumer with ordinary knowledge common in the community about the characteristic of such manufactured, bottled and sealed beverages.

25. After the Beverage was manufactured, bottled and sealed by Defendants Maplewood and/or Arizona Beverages, it reached Plaintiff Rudy Gallo and was consumed by him without undergoing any substantial change.

26. Maplewood and/or Arizona Beverages expected the Beverage would reach the Beverage's ultimate user or consumer without undergoing any substantial change after they manufactured, bottled and sealed it.

27. The defects in the Beverage manufactured, bottled, sealed, and/or distributed by Defendants Maplewood and/or Arizona Beverages were a proximate cause of the injury, trauma, and damage suffered by Plaintiffs.

## Plaintiffs' Damages

28. As a direct, foreseeable, and proximate result of the carelessness, negligence, and strict liability of the Defendants, as described above, Plaintiff Rudy Gallo was damaged as follows:

    a. He has sustained serious and painful personal injuries resulting in past and future physical pain and suffering, mental and emotional distress, pain and suffering;

    b. He has incurred medical bills and will incur future medical bills, and he has incurred travel expenses for trips to and from his health care providers;



gravel & shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P.O. Box 369
Burlington, Vermont 05402-0369

- 10 -

c. He sustained lost earnings and lost earning capacity;

d. He has suffered permanent injuries;

e. He has sustained loss of enjoyment of life, both past and future;

f. Such other damages as Plaintiff Rudy Gallo may have sustained, which were proximately caused by the carelessness, negligence, and/or strict liability herein above described.

29. Prior to the incident and resulting injuries described herein, Plaintiffs Rudy Gallo and Deborah Gallo enjoyed the love and affection of each other and reasonably anticipated many years of conjugal happiness.

30. As a direct, foreseeable and proximate result of the carelessness, negligence, and strict liability of the Defendants, Plaintiff Deborah Gallo, has suffered loss of consortium in that the Plaintiff Rudy Gallo has been unable to function normally in his own capacity as a marriage partner of the Plaintiff Deborah Gallo, and she has been thereby deprived of her husband's normal society, companionship, services, sexual gratification and affection, and thereby was damaged in an amount more fully set forth in the prayer for relief to this complaint.

## Claims for Relief

WHEREFORE, Plaintiffs pray for judgment against Defendants for damages as determined by the jury, together with interest, costs and such other and further relief as may be available to them in the minimum amount of $75,000.00, exclusive of interest and costs.

gravel & shea
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
P O. Box 369
Burlington, Vermont 05402-0369

- 11 -

## JURY DEMAND

Plaintiffs demand trial by jury of all issues so triable

Dated:  Burlington, Vermont
October 30, 2020

*[signature]*

Jerome F. O'Neill, Esq.
Hillary A. Borcherding, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P.O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
joneill@gravelshea.com
hborcherding@gravelshea.com
For Plaintiffs